UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

MAR 2 6 2008

CLERK

| | | |
|---|---|---|
| FRANK SIOUX BOB, | ) | CIV. 07-5068-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Frank Sioux Bob, commenced this action pursuant to the Federal Tort Claims

Act (FTCA) arising out of an incident that involved police officers employed by the Oglala

Sioux Tribe allegedly entering plaintiff's home without a warrant or probable cause and

inflicting injury upon plaintiff. Defendant contends that the Court lacks subject matter

jurisdiction as plaintiff's claims fall under an exception to the waiver of sovereign immunity.

## BACKGROUND

Plaintiff alleges that on July 21, 2005, police officers of the Oglala Sioux Tribe came to

his residence and entered without a warrant, probable cause, or invitation. Complaint, ¶ 7.

The officers claim that they were responding to a "gun call." Id. Plaintiff alleges that the

officers broke down a bedroom door and used excessive force against his person, twisting his

arm, slamming him against the wall, breaking his glasses and causing injury to his person. Id.

at ¶ 7-9.

On March 24, 2006, plaintiff filed a claim with the Bureau of Indian Affairs pursuant to 28 U.S.C. § 2675. Id. at ¶ 12. In his claim, plaintiff requested compensation in the amount of $350,000. More than six months have passed since the filing of the claim and there has been no action by the agency. Id. As a result, 28 U.S.C. § 2675 provides that the inaction of the government may be deemed a final denial of the claim under the statute and plaintiff may proceed with the filing of this suit.

The government alleges that this Court lacks subject matter jurisdiction over the action as the officers, though federal employees for the purposes of the FTCA, are not federal law enforcement under the FTCA. As a result, the government contends that its sovereign immunity has not been waived.

## STANDARD OF REVIEW

The government moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1). The Eighth Circuit has held that "[b]ecause jurisdiction is a threshold issue for the court, the district court has 'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993) (quoting Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990)). "The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." Drevlow v. Lutheran Church, Missouri Synod, 991 F.2d 468, 470 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990)). Thus, the Court determines that it may consider the documents filed in support of the government's motion to dismiss.

## DISCUSSION

The FTCA provides a waiver of the government's sovereign immunity so that it may be sued under certain circumstances. The FTCA also sets forth certain exceptions to that waiver of sovereign immunity. Title 28 of the United States Code, section 2680 sets forth those exceptions. Applicable to this action is 28 U.S.C. § 2680(h) which provides that the United States does not consent to being sued regarding

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

As a result, plaintiff cannot sue the United States unless the tribal police officers are federal law enforcement officers as his claims arise out of an incident of alleged "assault, battery, [and] false imprisonment. . . ."

Law enforcement for the Oglala Sioux Tribe is funded pursuant to a contract with the Bureau of Indian Affairs under Pub.L. 93-638. Plaintiff argues that an amendment of the Indian Self Determination and Education Assistance Act specifically designates these contract employees as federal employees for purposes of the FTCA. The amendment provides,

> With respect to claims resulting from the performance of functions . . . under a contract, grant agreement, or cooperative agreement authorized by the Indian Self-Determination and Education Assistance Act . . . an Indian tribe, tribal organization or Indian contractor is deemed hereafter to be part of the Bureau of Indian Affairs in the Department of the Interior . . . while carrying out any such contract or

3

> agreement and its employees are deemed employees of the Bureau . . . while acting within the scope of their employment in carrying out the contract or agreement: Provided, That after September 30, 1990, any civil action or proceeding involving such claims brought hereafter against any tribe, tribal organization, Indian contractor or tribal employee covered by this provision shall be deemed to be an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act . . . .

Pub. L. No. 101-512, Title III, § 314, 104 Stat. 1915, 1959 (codified at 25 U.S.C. § 450f notes).

The government, however, has provided an affidavit stating that none of the officers involved in this incident have held the special law enforcement commission from the Bureau of Indian Affairs pursuant to 25 C.F.R. § 12.21(b). Affidavit of Martin Hansford, 4. Furthermore, the affidavit states that none of these officers were cross-deputized with another federal agency. Affidavit of Martin Hansford, 5. As a result, though the officers are considered federal employees under the FTCA, they are not federal "investigative or law enforcement officers."

Plaintiff requests that he be given an opportunity to conduct discovery. He asserts that with discovery he would be able to show that these officers were assisting in the enforcement of federal law. As the court in <u>Locke v. United States</u>, 215 F. Supp. 2d 1053, 1038-39 (D.S.D. 2002), noted, "[s]uch assistance does not cause these [tribal] law enforcement officials to be federal law enforcement officers." Discovery will not remedy the flaw in plaintiff's argument. Rather, it would only prolong the inevitable dismissal. The tribal officers were not, at the time of the incident, federal law enforcement officers for the purpose of the FTCA and therefore, the Court does not have subject matter jurisdiction over this matter. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction

(Docket #7) is granted.

Dated this 26 day of March, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

5